IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER LEE WILLIAMS,** § | | |
| **#1276769** § | | |
| Petitioner, § | | |
| § | | |
| v. § | 3:14-CV-0005-K-BK | |
| § | | |
| **WILLIAMS STEPHENS, Director** § | | |
| **TDCJ-CID,** § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a Texas state prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons that follow, it is recommended that the petition be summarily dismissed.

**I. BACKGROUND**

On December 14, 2004, Petitioner pled guilty to aggravated robbery with a deadly weapon and was sentenced to 25 years' imprisonment. *State v. Williams*, No. F04-56929 (204th Judicial District Court, Dallas County, Dec. 14, 2004). He unsuccessfully sought state habeas relief. *See Ex Parte Williams*, No. WR79,732-01 (Tex. Crim. App. Jul. 24, 2013) (denying state habeas application).[1] On January 2, 2014, Petitioner filed this federal petition, challenging the sufficiency of the evidence and asserting ineffective assistance of counsel. [Doc. 3 at 6].

---

[1] The dates listed were verified through information available on the state court Internet web pages for Dallas County and the Texas Court of Criminal Appeals (TCCA).

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court may consider *sua sponte*. *See* 28 U.S.C. § 2244(d); *Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999). As this federal petition appeared untimely filed, the Court directed Petitioner to respond regarding the application of the one-year limitations period. [Doc. 7; Doc. 8].

The one-year period is calculated from "the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A). Subsections (B) through (D) of section 2244(d)(1) are inapplicable here. Petitioner's pleadings, even when liberally construed, allege no state created impediment under subparagraph (B) that prevented timely filing of the claims. Nor does Petitioner base his grounds on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the Court determines that the facts supporting the grounds for relief became or could have become known prior to the date on which the conviction became final.

Petitioner's conviction became final on January 13, 2005, thirty days after the December 14, 2004, judgment. *See* Tex. R. App. P. 26.2(a)(1). The one-year limitations period began running on January 14, 2005, and expired one year later on January 13, 2006. Petitioner is not entitled to statutory tolling during the pendency of his state application, which is deemed filed on March 27, 2013.[2] *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (statutory tolling unavailable if state habeas application is filed after one-year period has expired). Therefore, the

---

[2] The state application is deemed filed on March 27, 2013, the date on which Petitioner signed it and likely also handed it to prison officials for mailing. *See Richards v. Thaler*, 710 F.3d 573, 579 (5th Cir. 2013) (holding prison mailbox rule applies to state habeas application).

federal petition -- deemed filed as of December 23, 2013, over 8 and one-half years after Petitioner's state conviction first became final -- is time barred, absent equitable tolling.[3]

To be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quotations and quoted case omitted); see also Holland v. Florida, 560 U.S. 631, 635 (2010) (recognizing one-year statutory deadline is subject to equitable tolling in appropriate circumstances). "'Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate.'" Mathis v. Thaler, 616 F.3d 461, 474 (5th Cir. 2010) (quoted case omitted).

None of Petitioner's pleadings request equitable tolling. Moreover, his filings, even when liberally construed in accordance with his *pro se* status, do not present "rare and exceptional circumstances" warranting equitable tolling. See Howland v. Quarterman, 507 F.3d 840, 845-846 (5th Cir. 2007) (summarizing cases). Petitioner delayed over eight years, after his conviction was final before applying for state habeas relief. His lack of diligence did not end there. Following the denial of that state application, Petitioner waited an additional five months before submitting his federal petition.

Having failed to explain the lengthy delays in this case, Petitioner has shown neither due diligence nor rare and extraordinary circumstances. See Coleman v. Johnson, 184 F.3d 398, 403 (5th Cir. 1999) (unexplained delays do not evince due diligence or rare and extraordinary

---

[3] In light of Petitioner's *pro se* status and the "mailbox rule," *see* Rule 3(d) of the Rules Governing Section 2254 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's internal mailing system), the Court liberally construes the federal petition filed on December 23, 2013. [Doc. 3 at 10].

circumstances). "Equity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). Furthermore, neither Petitioner's *pro se* status nor his unfamiliarity with the law suffices as a basis for equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d 390, 391-392 (5th Cir. 1999) (*per curiam*) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.").

Accordingly, the Court concludes that Petitioner cannot carry his burden of establishing that equitable tolling is warranted in this case. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (party seeking equitable tolling has burden of showing entitlement to such tolling).

Lastly, despite the fact that he pled guilty, Petitioner asserts that he is "not guilty of the offense of aggravated robbery." [Doc. 3 at 9]. While a claim of actual innocence may provide "a gateway through which a petitioner may pass" when the limitations period has elapsed, "tenable actual-innocence gateway pleas are rare." *McQuiggin v. Perkins*, ––– U.S. –––, 133 S. Ct. 1924, 1928 (2013). To meet the threshold requirement, a petitioner must present new evidence in support of his claim and "'show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* at 1928, 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Here, Petitioner presents no newly discovered evidence that would undermine this Court's confidence regarding the state court's findings of guilt. [Doc. 3 at 9; Doc. 8 at 2]. Therefore, insofar as Petitioner alleges actual innocence, his claim is wholly unsupported and, thus, lacks merit.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be summarily **DISMISSED** with prejudice as barred by the one-year statute of limitations.

SIGNED March 5, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE